**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

MITCHELL KEITH GOODRUM,

Plaintiff,

v.

WOK RESTAURANT OWNERS, *et. al.*,

Defendants.

Case No. 3:24-CV-00006-MMD-CLB

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE[1]**

Before the Court is Plaintiff Mitchell Keith Goodrum's ("Goodrum") application to proceed *in forma pauperis* (ECF No. 5), motion for leave to file civil rights complaint, (ECF No. 1-1), and *pro se* civil rights complaint (ECF No. 1-2). For the reasons stated below, the Court recommends that the *in forma pauperis* application, (ECF No. 5), be granted, the complaint, (ECF No. 1-2), be dismissed, with prejudice, and the motion for leave to file civil rights complaint, (ECF No. 1-1), be denied as moot.

I.    ***IN FORMA PAUPERIS* APPLICATION**

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

Pursuant to LSR 1-1: "Any person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed [IFP]. The application must be made on the

---

[1]    This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

1  form provided by the court and must include a financial affidavit disclosing the applicant's

2  income, assets, expenses, and liabilities."

3        "[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with

4  some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th

5  Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely

6  destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*,

7  335 U.S. 331, 339 (1948).

8        A review of the application to proceed IFP reveals Goodrum is unable to pay the

9  filing fee. Accordingly, the Court recommends that the IFP application, (ECF No. 5), be

10  granted.

11  **II.    SCREENING STANDARD**

12        Inmate civil rights complaints are governed by 28 U.S.C. § 1915A. Section 1915A

13  provides, in relevant part, that "the court shall dismiss the case at any time if the court

14  determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a

15  claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant

16  who is immune from such relief."  28 U.S.C. § 1915A(b). A complaint is frivolous when

17  "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325

18  (1989). This includes claims based on legal conclusions that are untenable (e.g., claims

19  against defendants who are immune from suit or claims of infringement of a legal interest

20  which clearly does not exist), as well as claims based on fanciful factual allegations (e.g.,

21  delusional scenarios). *Id.* at 327–28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th

22  Cir. 1991). Dismissal for failure to state a claim under § 1915A incorporates the same

23  standard applied in the context of a motion to dismiss under Federal Rule of Civil

24  Procedure 12(b)(6), *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012), which

25  requires dismissal where the complaint fails to "state a claim for relief that is plausible on

26  its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

27        The complaint is construed in a light most favorable to the plaintiff. *Chubb Custom*

28  *Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). The court must

accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The complaint need not contain detailed factual allegations, but must offer more than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. Particular care is taken in reviewing the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Still, a liberal construction may not be used to supply an essential element of the claim not initially pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). If dismissal is appropriate, a *pro se* plaintiff should be given leave to amend the complaint and notice of its deficiencies, unless it is clear that those deficiencies cannot be cured. *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995).

## III.    SCREENING OF COMPLAINT

In the complaint, Goodrum sues Defendants Wok Restaurant Owners and Jane/John Does under 42 U.S.C. § 1983 for various constitutional claims. (*See* ECF No. 1-2 at 2.) Goodrum alleges Defendant Wok Restaurant Owner withheld video evidence that was critical to Goodrum's underlying state criminal case, which caused constitutional injury to Goodrum such as the right to due process, right to a fair trial, right to an expert witness, and right to key evidence. (*Id.* at 1-2.) Based on these allegations, Goodrum asserts he is entitled to monetary damages. (*Id.* at 5.)

42 U.S.C. § 1983 aims "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (quoting *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000)). The statute "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights[,]" *Conn v. Gabbert*, 526 U.S. 286, 290 (1999), and is "merely . . . the procedural device for enforcing substantive provisions of the Constitution and federal statutes." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Claims under § 1983 require the plaintiff to allege (1) the violation

of a federally-protected right by (2) a person or official who acts under the color of state law. *Anderson*, 451 F.3d at 1067.

A defendant has acted under color of state law where he or she has "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *U.S. v. Classic*, 313 U.S. 299, 326 (1941)).  Generally, private parties are not acting under color of state law. *See Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991).  "A private individual may be liable under § 1983 if she conspired or entered joint action with a state actor." *Franklin v. Fox,* 312 F.3d 423, 441 (9th Cir.2002).  The plaintiff must show "an agreement or meeting of the minds to violate constitutional rights," and "[t]o be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *Id.* (internal quotation marks omitted).

Goodrum's only named defendant, Wok Restaurant Owner, is a private party. Goodrum does not allege the defendant was acting under the color of state law when his rights were violated or that the defendant conspired or entered joint action with a state actor. Because Goodrum is suing a private party and does not assert that they acted under the color of state law, he cannot satisfy each of the required elements for relief under an § 1983 action. Accordingly, the Court finds that Goodrum fails to state a colorable claim and therefore his claims under § 1983 should be dismissed, with prejudice, as amendment would be futile.

## IV.    CONCLUSION

For good cause appearing and for the reasons stated above, the Court recommends that Goodrum's IFP application, (ECF No. 5), be granted, his complaint, (ECF No. 1-2), be dismissed, with prejudice, as amendment would be futile, and his motion for leave to file complaint, (ECF No. 1-1), be denied as moot.

The parties are advised:

1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of

Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.      This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V.      RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Goodrum's application to proceed *in forma pauperis*, (ECF No. 5), be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Goodrum not be required to pay an initial installment fee. Nevertheless, the full filing fee should still be due, even if this action is dismissed or is otherwise unsuccessful, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act. The movant herein should be permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. The order granting IFP status should not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER RECOMMENDED** that the Nevada Department of Corrections pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of **MITCHELL KEITH GOODRUM, #1213846** (in months that the account exceeds $10.00) until the full $350.00 filing fee has been paid for this action.

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** the complaint, (ECF No. 1-2).

**IT IS FURTHER RECOMMENDED** that the complaint, (ECF No. 1-2), be **DISMISSED, WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that the motion for leave to file complaint, (ECF No. 1-1), be **DENIED AS MOOT**.

1    **IT IS FURTHER RECOMMENDED** that this action be **CLOSED** and that judgment

2    be entered accordingly.

3    **DATED**: January 30, 2024.

4    _____

5    **UNITED STATES MAGISTRATE JUDGE**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28