UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MITCHELL KEITH GOODRUM, | Case No. 3:24-cv-00006-MMD-CLB |
| Plaintiff, | ORDER |
| v. | |
| WOK RESTAURANT OWNERS, *et al.*, | |
| Defendants. | |

*Pro se* Plaintiff Mitchell Goodrum filed an application to proceed *in forma pauperis* ("IFP") (ECF No. 5), a motion for leave to file a civil rights complaint (ECF No. 1-1), and a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1-2 ("Complaint")). Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Carla L. Baldwin, recommending that the Court grant Plaintiff's IFP application, dismiss his Complaint with prejudice, and deny his motion for leave to file a civil rights complaint as moot. (ECF No. 7.) Objections to the R&R were due February 13, 2024. (*See id.*) To date, Goodrum has not objected to the R&R. For this reason, and as further explained below, the Court will adopt the R&R in full and will dismiss this action with prejudice.

Because there was no objection, the Court need not conduct de novo review, and is satisfied that Judge Baldwin did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original).

First, as to Plaintiff's IFP application, the Court agrees with Judge Baldwin that Goodrum has demonstrated his inability to pay the filing fee. (ECF No. 7 at 1-2.) *See* 28 U.S.C. § 1915(a)(1); LSR 1-1. The Court thus grants the IFP application (ECF No. 5). Judge Baldwin next screens the Complaint under 28 U.S.C. § 1915A. A complaint in an

IFP action is subject to dismissal for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii); Fed. R. Civ. Pro. 12(b)(6). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted). Judge Baldwin recommends dismissal because Goodrum's only named defendant in his Section 1983 Complaint is Wok Restaurant Owners, a private party, and Goodrum does not allege that this private party acted under color of state law. (ECF No. 7 at 3-4.) *See, e.g.*, *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (explaining that an individual asserting a Section 1983 claim must allege a violation of a federally-protected right by a person or official acting under color of state law); *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991) (noting that a private party is generally not acting under color of state law). Goodrum also does not allege that Defendant conspired or otherwise operated in tandem with a state actor. *See Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002) (noting that a private individual may be liable under Section 1983 if they conspired or entered joint action with a state actor). Thus, because Plaintiff fails to state a viable Section 1983 claim even when construing all allegations in his favor, the Court agrees with Judge Baldwin that dismissal is warranted. And because amendment would be futile, the Court dismisses the action with prejudice. *See Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995).

It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No. 7) is accepted and adopted in full.

It is further ordered that Plaintiff's IFP application (ECF No. 5) is granted.

It is further ordered that Goodrum is not required to pay an initial installment fee. However, the full filing fee will still be due under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act.

///

///

///

It is further ordered that the Nevada Department of Corrections is directed to pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of Mitchell Keith Goodrum, #1213846 (in months that the account exceeds $10.00) until the full $350.00 filing fee has been paid for this action.

The Clerk of Court is further directed to file Plaintiff's Complaint (ECF No. 1-1).

It is further ordered that Plaintiff's Complaint (ECF No. 1-2) is dismissed with prejudice.

It is further ordered that Plaintiff's motion for leave to file a civil rights complaint (ECF No. 1-1) is denied as moot.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 8th Day of March 2024.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE